IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 15-010710 CA 21

JANE DOE

      Plaintiff,

vs.

CELEBRITY CRUISES, INC.

      Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To All and Singular Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in the above styled cause upon the Defendant:

        **by serving:**        **Celebrity Cruises, Inc.**
                        **c/o Bradley H. Stein, as Registered Agent**
                        **1050 Caribbean Way**
                        **Miami, Florida 33132**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on the Plaintiff's attorney:

whose address is:        JONATHAN B. ARONSON
                        ARONSON LAW FIRM
                        5730 S.W. 74th STREET
                        SUITE 800
                        MIAMI, FLORIDA  33143

within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court wither before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.      MAY 1 5 2015

      WITNESS my hand and the seal of said Court on_____.

                              Harvey Ruvin, Clerk

                              By_____

Randy S. Ginsberg                     Deputy Clerk
Litigation Attorney
Royal Caribbean Cruises Ltd.

COURT SEAL

EXHIBIT
**B**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want t call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notification, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despójado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado imediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correro a entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plantiff's Attorney" (Demandante o Abogado de Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse escrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse escrite, avec mention du numero de dossier ci-dessus et du nom des parties nommes ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse escrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerier les services immediatesd' un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vouis choisissez de deposer vous-meme une reponse escrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse escrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomm ci-dessous.

Plaintiff/Plaintiff's Attorney:
JONATHAN B. ARONSON, ESQ.
FLORIDA BAR NO. 434116
ARONSON LAW FIRM
5730 S.W. 74th Street
SUITE 800
MIAMI, FLORIDA 33143

Filing # 27219191 E-Filed 05/13/2015 09:40:15 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

JANE DOE,

     Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JANE DOE (hereinafter referred to as "Jane Doe"), by and through her undersigned counsel and files this Complaint and Demand for Jury Trial against Defendant, CELEBRITY CRUISES, INC., (hereinafter referred to as "Defendant") and as grounds therefore states:

### FACTS COMMON TO ALL COUNTS

### INTRODUCTORY ALLEGATIONS

1.    This is a Maritime case involving a citizen of the United States and, more particularly, the State of Florida, who is a female crew member aboard the vessel M/V *Celebrity Reflection* when on or about November 4, 2014 she was sexually assaulted by the Assistant Chief Security Officer who plied the Plaintiff with alcohol to the point of unconsciousness after which time the Assistant Chief Security Officer sexually assaulted Jane Doe.

2.    Jane Doe is a pseudonym used to protect Plaintiff's confidentiality and to protect Plaintiff from experiencing additional embarrassment.

3.      Following the sexual assault, the Defendant denied appropriate and timely medical care to Jane Doe, and more particularly, allowed the Assistant Chief Security Officer to roam the vessel, without restriction, intimidating potential witnesses and destroying critical evidence.

4.      Jane Doe obtained legal counsel to advise her and represent her interests.

5.      The Defendant destroyed evidence and assisted the Assistant Chief Security Officer to escape justice.

6.      Jane Doe was severely injured and traumatized due to the rape by the Assistant Chief Security Officer who as a member of the Defendant's crew, is charged with the responsibility for not only insuring the safety of passengers and crew, but of instructing crew members and providing seminars in the area of sexual assaults and harassment.  The sexual assault described herein occurred while the Assistant Chief Security Officer was on duty.

## THE PARTIES, PERSONAL JURISDICTION AND VENUE

7.      Jane Doe is over 21 years of age and is a citizen of the State of Florida and more particularly the United States.

8.      Defendant is a for-profit foreign corporation headquartered in Miami, Florida and is the operator of the M/V *Celebrity Reflection.*

9.      At all times material hereto, Defendant personally or through an agent:

    a.      Operated, conducted, engaged in and/or carried on a business venture in the state of Florida;

    b.      Engaged in substantial business activity in the state of Florida;

    c.      Operated vessels and provided vessels for cruises in the waters of the state of Florida; and

> d.    Committed one or more of the acts as set forth in Florida Statute §48.08(1), §48.181, and §48.193, which submit Defendant to jurisdiction and venue to this Court.

10.    This Court has jurisdiction over Defendant and is a proper venue for this action pursuant to 46 U.S.C. 30104.

11.    At all times material hereto, Plaintiff, as a citizen of the United States and resident of the state of Florida, is not subject to arbitration.

## DEFENDANT'S LEGAL DUTIES OWED TO JANE DOE

12.    At all times material hereto, the Defendant owned, operated, maintained or controlled a fleet of ships operating under the Celebrity Cruises brand name including the cruise ship M/V *Celebrity Reflection* and employed and controlled the crew members on those cruise ships.

13.    At all times material hereto, the Defendant employed Jane Doe to serve as a seaman as defined by the General Maritime Law and 46 U.S.C. 30104 (commonly known as the Jones Act) aboard the M/V *Celebrity Reflection.*

14.    Pursuant to the Jones Act, the Defendant owed Jane Doe the duty of providing a reasonably safe place to work and live on the cruise ship.

15.    Pursuant to the General Maritime Law, the Defendant owed Jane Doe the absolute non-delegable duty to provide a seaworthy vessel which included, but not limited to, a properly trained and adequate crew.

16.    Pursuant to the Jones Act and General Maritime Law, the Defendant owed Jane Doe the non-delegable duty to arrange, provide and pay for prompt, adequate, complete medical care and treatment, psychological and psychiatric counsel for illness and injuries that Jane Doe may experience on the service of the vessel.

17.     Pursuant to the Jones Act and General Maritime Law, the Defendant owed Jane Doe the non-delegable duty to provide timely and complete maintenance and cure for illnesses and injuries that Jane Doe may experience while in the service of the vessel.

18.     Defendant owed Jane Doe the duty to provide proper shipboard care and treatment irrespective of legal fault and, in particular, irrespective as to whether or not the assailant was or was not a senior member of the crew serving aboard the Defendant's vessel.

19.     In this particular matter, the assailant who perpetrated the rape upon Jane Doe was a member of the ship's Security team and, in particular, was one of the senior officers charged with the safety and security of women aboard the vessel.  In particular, the assailant in this matter was the individual onboard the ship who provided lectures to crew about sexual harassment and who was charged with enforcing the rules aboard the subject cruise ship including, but not limited to, the use of alcohol, crew member intoxication, sexual harassment and sexual assault.

## COUNT I – JONES ACT NEGLIGENCE

20.     Jane Doe readopts and re-alleges paragraphs 1-19 and sets forth as follows.

21.     At all times material hereto, Jane Doe was employed by Defendant as a seaman within the definition of the Jones Act to serve as a member of the crew of the M/V *Celebrity Reflection* which was in navigable waters in November 2014.

22.     Defendant owed Jane Doe the duty to provide a safe place to work such that Jane Doe could perform the job obligations in a reasonably safe manner and live aboard the vessel free from sexual violence and/or sexual harassment.  The Defendant breached the following duty with respect to Jane Doe by doing and/or failing to do one or more of the following:

        a.     Failed to provide a reasonably safe place for Jane Doe to work aboard the subject cruise ship;

b.   Knowingly allowed the Assistant Chief Security Officer to maintain alcohol in his private cabin, to serve alcohol to female crew members who are under his domain;

c.   Failed to enforce Celebrity's own rules and regulations regarding alcohol, intoxication, sexual assault, sexual harassment by allowing the perpetrator of the sexual assault to be the individual in charge of implementing said regulations;

d.   Negligently hiring, selecting and retaining the Assistant Chief Security Officer when the Defendant knew of prior allegations and in particular, a prior sexual assault by the Assistant Chief Security Officer on a male dancer; and

e.   Covering up the acts and/or incidences of the Assistant Chief Security Officer by allowing the Assistant Chief Security Officer unfettered access to security tapes, security documents and the cruise ship following the subject assault so that the Assistant Chief Security Officer could cover up his crime, intimidate witnesses and destroy evidence.

23.   As a direct and proximate result of the Defendant's breach of the foregoing legal duties and negligence, Jane Doe suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions and medical expenses. These losses and injuries are either permanent or continuing and Jane Doe will suffer these losses and injuries in the future.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

## COUNT II - UNSEAWORTHINESS

24.   Jane Doe readopts and re-alleges paragraphs 1-19 and sets forth as follows.

25.     At all times material hereto, the Defendant owned, operated, maintained and/or controlled the M/V *Celebrity Reflection* and employed and controlled the crew and implemented work practices aboard the cruise ships.

26.     At all times material hereto, the Defendant owed Jane Doe the non-delegable duty to provide Jane Doe with a seaworthy vessel upon which to work and live free from sexual battery and/or sexual harassment.

27.     Defendant breached the following duty by failing to provide Jane Doe with a seaworthy vessel on which to work.  Defendant's vessel was unseaworthy due to:

    a.     The inadequate crew which was deficient in number, training and particularly the security personnel;

    b.     The unsafe practices of allowing senior officers such as the Assistant Security Officer to maintain alcohol in their cabin, to freely serve alcohol to crew members and, in particular, female crew members; and

    c.     The unsafe practice of allowing and knowingly allowed male crew members such as the Assistant Chief Officer to use their position of authority to control, manipulate and otherwise entice female crew members to their cabins where they are plied with alcohol and then sexually assaulted.

28.     As a direct and proximate result of the Defendant's breach of the foregoing legal duty and unseaworthiness of the subject vessel, Jane Doe suffered bodily injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of the ability to earn money, aggravation of previously existing conditions and medical expenses.  These losses and injuries are either permanent or continuing and Jane Doe will continue to suffer these losses and injuries in the future.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

## COUNT III – FAILURE TO PROVIDE PROMPT, ADEQUATE AND COMPLETE MEDICAL TREATMENT

29.    Jane Doe readopts and re-alleges paragraphs 1-19 and sets forth as follows.

30.    At all times material hereto and under the mandate of the Jones Act, 46 USC 688 *et seq.*, the Defendant had an affirmative and legal duty to provide to its crew members, including Jane Doe, prompt and adequate medical care and treatment for any and all injuries sustained while in the service of the vessel.

31.    Jane Doe sustained serious injuries/illness while in the service of the M/V *Celebrity Reflection.*

32.    At all times material hereto, the Defendant failed to provide prompt, adequate and complete medical care and treatment for Jane Doe's serious injury/illness in the following respects by:

    a.    Failing to properly and adequately diagnose Jane Doe's medical condition;

    b.    Failing to properly and adequately treat Jane Doe's injuries;

    c.    Failing to prescribe appropriate medication and therapy; and

    d.    Failing to arrange for proper and adequate medical care and treatment and thereby delegating this duty to Jane Doe.  When Jane Doe selected her physicians to treat her, the Defendant then refused to pay the usual and customary charges and instead paid Jane Doe's physicians' fees that do not represent usual and customary charges for the community.

33.     As a direct and proximate result of Defendant's failure to provide Jane Doe with prompt, adequate and complete medical care, Jane Doe sustained additional injuries, prolonged and/or delayed recovery, suffered additional pain and suffering, mental anguish, depression, disability, lost wages and loss of wage earning capacity.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

## COUNT IV – SPOLIATION OF EVIDENCE

34.     Jane Doe readopts and re-alleges paragraphs 1-19 and sets forth as follows.

35.     The Defendant's Assistant Chief Security Officer sexually assaulted and battered Jane Doe during a cruise on the M/V *Celebrity Reflection*.

36.     The Defendant had a duty to preserve evidence including Jane Doe's blood, urine and DNA, medical records, laboratory test results, CCTV footage, door activity, telephone records, belongings of crew members at the scene of the crime, statements, photographs and other forensic evidence.

37.     The Defendant allowed its Assistant Chief Security Officer full, free and unfettered access to this sensitive information and documents at which time the Assistant Chief Security Officer altered, destroyed and/or otherwise impaired the documents needed by Jane Doe to prove her case against the Defendant.

38.     The Defendant negligently and/or intentionally and/or maliciously caused and/or permitted the relevant evidence to be lost, altered, damaged or destroyed.

39.     The Defendant's failure to preserve the evidence has significantly impaired Jane Doe's ability to provide potential causes of action against third parties, including the crew member who intoxicated her and raped her, and has interfered with the efforts of law enforcement authorities including the FBI, and the United States Department of Justice to fully investigate this matter.

40.     As a direct and proximate result of the Defendant's breach of the foregoing legal duty to preserve evidence, Jane Doe incurred damages, including the inability to prove a civil case of personal injury and/or criminal case of sexual assault and battery against the third-party or parties responsible for the crime.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

DATED this 13th day of May, 2015.

Respectfully submitted,

**s/Jonathan B. Aronson**
Jonathan B. Aronson, Esq.
Florida Bar No.  434116
ARONSON LAW FIRM
5730 S.W. 74th Street
Suite 800
Miami, Florida  33143
Telephone:  (305) 662-1233
Facsimile:  (305) 662-1266
Email:  jaronson@aronsonlawfirm.com

**s/Raul de la Heria**
Raul de la Heria, Esq.
Florida Bar No.  50474
De la Heria & Associates
2100 Coral Way
Suite 500
Miami, Florida  33145
Telephone:  (305) 858-2808
Facsimile:  (305) 858-5540
Email:  raul@delaheria.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JANE DOE,

      Plaintiff,                      CASE NO.  15-010710 CA 21

vs.

CELEBRITY CRUISES, INC.,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, CELEBRITY CRUISES, INC., by and through undersigned counsel, respectfully requests this Court grant an extension of time for Defendant to file a response to Plaintiff's Complaint.

1.      A response to Plaintiff's Complaint is due by June 9, 2015.

2.      Defendant seeks an enlargement of time to respond to the Complaint in order to permit the parties to discuss placing the matter in arbitration.

3.      It is in the interest of judicial economy to confer regarding arbitration before removing the case to the United States District Court and seeking an order compelling arbitration.

4.      Defendant respectfully submits that this request is not for purposes of delay.

WHEREFORE, Defendant, CELEBRITY CRUISES, INC. requests that this Honorable Court grant its Motion for Extension of Time and extend the deadline to respond to Plaintiff's Complaint for thirty (30) days.

CASE NO.  15-010710 CA 21

CELEBRITY CRUISES, INC.
Attorneys for Defendant
1050 Caribbean Way
Miami, Florida 33132
Tel: (305) 539-6000
Fax: (305) 539-8101

By: _Leah H. Martinez_
Leah H. Martinez
Florida Bar No.: 17383

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-mail on this 9th day of June, 2015 to: Jonathan B. Aronson, Esq., jaronson@aronsonlawfirm.com, Aronson Law Firm, 5730 SW 74th Street, Suite 800, Miami, Florida 33143; Raul de la Heria, Esq., raul@delaheria.com, De la Heria & Associates, 2100 Coral Way, Suite 500, Miami, Florida 33145.

_Leah H. Martinez_
Leah H. Martinez

2

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 15-010710 CA 21

JANE DOE,

     Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

     Defendant.

_____/

## NOTICE OF HEARING
### **Motion Calendar**

     **YOU ARE HEREBY NOTIFIED** that the undersigned will call up for hearing the

following:

### DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

     The hearing shall take place before the Honorable Antonio Arzola, Circuit Court Judge,

Dade County Courthouse, 73 West Flagler Street, Room 1110, Miami, Florida 33130 on

**Tuesday, June 30, 2015 at 9:00 a.m.**

     **PLEASE BE GOVERNED ACCORDINGLY.**

*Undersigned counsel certifies that a bona fide effort to agree or to narrow the issues on the motion noticed has been made with opposing counsel or will be made prior to the Hearing.*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

E-Mail this 11th day of June, 2015 to: Leah H. Martinez, Esq. (leahmartinez@rccl.com), Royal

Caribbean Cruises, Ltd. 1050 Caribbean Way, Miami, Florida 33132 and Raul de la Heria, Esq.,

(raul@delaheria.com), 2100 Coral Way, Suite 500, Miami, Florida, 33145.

*s/Jonathan B. Aronson*
Jonathan B. Aronson, Esq.
Florida Bar No.  434116
ARONSON LAW FIRM
5730 S.W. 74th Street
Suite 800
Miami, Florida  33143
Telephone:  (305) 662-1233
Facsimile:   (305) 662-1266
Email:  jaronson@aronsonlawfirm.com