UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22294-CIV-WILLIAMS/SIMONTON

JANE DOE,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JANE DOE (hereinafter referred to as "Jane Doe"), by and through her undersigned counsel files this Amended Complaint and Demand for Jury Trial against Celebrity Cruises, Inc. and as grounds therefore state:

## FACTS COMMON TO ALL COUNTS

## INTRODUCTORY ALLEGATIONS

1. This is a Maritime case involving a citizen of the United States and a resident of the State of Florida, who was a female crew member aboard the vessel Celebrity Reflection when on or about November 4, 2014 she was sexually assaulted and sodomized by the Assistant Chief Security Officer who plied the Plaintiff with alcohol to the point of unconsciousness after which time the Assistant Chief Security Officer sexually assaulted Jane Doe.

2. Jane Doe is a pseudonym used to protect Plaintiff's confidentiality and to protect Plaintiff from experience additional embarrassment.

3. Upon information and belief, the assailant, the Assistant Chief Security Officer, the assailant in this matter, possessed an American passport. It is unknown if the assailant was a United States citizen.

4. Following the sexual assault, the Defendant denied appropriate and timely medical care to Jane Doe, and more particularly, allowed the Assistant Chief Security Officer to roam the vessel, without restriction, intimidating potential witnesses and destroying critical evidence.

5. Jane Doe obtained legal counsel to advise her and represent her interests.

6. The Defendant destroyed evidence and assisted the Assistant Chief Security Officer to escape justice.

7. Jane Doe was severely injured and traumatized due to the rape by the Assistant Chief Security Officer who was a member of the Defendant's crew. The Assistant Chief Security Officer was charged with the responsibility for not only insuring the safety of passengers and crew, but of instructing crew members about sexual assaults and providing seminars relative to the same.

8. The sexual assault perpetrated on Jane Doe did not arise from nor was the same part of her employment with the Defendant.

## THE PARTIES, PERSONAL JURISDICTION AND VENUE

9. Jane Doe is over 21 years of age and is a United States citizen and a resident of the State of Florida.

10. Celebrity Cruises, Inc. is a for-profit foreign corporation headquartered at 1050 Caribbean Way, Miami, Florida and is the operator of the M/V Celebrity Reflection.

11. At all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in and/or carried on a business venture in the state of Florida;

    b. Engaged in substantial business activity in the State of Florida.

      c.      Operated vessels and provided vessels for cruises in the waters of the state of Florida; and

      d.      Committed one or more of the acts as set forth in Florida Statute §48.08.(1), §48.181, and §48.193, which submit Defendant to jurisdiction and venue to this Court.

12. This Court has jurisdiction over Defendant and is a proper venue for this action pursuant to 46 U.S.C. 30104.

13. At all times material, Plaintiff, as a citizen of the United States and resident of the State of Florida is not subject to arbitration and any attempt to remove this matter to Federal Court should be denied.

## DEFENDANT'S LEGAL DUTIES OWED TO JANE DOE

14. At all times material Defendant owned, operated, maintained or controlled a fleet of ships operating under the Celebrity Cruises brand name including the cruise ship M/V Celebrity Reflection and employed and controlled the crew members on those cruise ships.

15. At all times material, Defendant employed Jane Doe to serve as a seaman as defined by the General Maritime Law and 46 U.S.C. 30104 (commonly known as the Jones Act) aboard the M/V Celebrity Reflection.

16. Pursuant to the Jones Act, Defendant owed Jane Doe the duty of providing a reasonably safe place to work and live on the cruise ship.

17. Pursuant to the General Maritime Law Defendant owed Jane Doe the absolute non-delegable duty to provide a seaworthy vessel which included, but not limited to, a properly trained and adequate crew.

18. Pursuant to the Jones Act and General Maritime Law, Defendant owed Jane Doe the non-delegable duty to arrange, provide and pay for prompt, adequate, complete medical care and treatment, psychological and psychiatric counsel for illness and injuries that Jane Doe may experience on the service of the vessel.

19. Pursuant to the Jones Act and General Maritime Law, Defendant owed Jane Doe the non-delegable duty to provide timely and complete maintenance and cure for illnesses and injuries that Jane Doe may experience while in the service of the vessel.

20. Defendant owed Jane Doe the duty to provide shipboard proper care and treatment irrespective of legal fault and, in particular, irrespective as to whether or not the assailant was or was not a senior member of the crew serving aboard the Defendant's vessel.

21. In this particular matter, the assailant who perpetrated the rape upon Jane Doe was a senior member of the ship's Security team and, in particular, was one of the senior officers charged with the safety and security of women aboard the vessel. In particular, the assailant in this matter was the individual onboard the ship who provided lectures to crew about sexual harassment and who was charged with enforcing the rules aboard the subject cruise ship including, but not limited to, the use of alcohol, crew member intoxication, sexual harassment and sexual assault.

## COUNT I – JONES ACT NEGLIGENCE

22. Jane Doe readopts and re-alleges paragraphs 1-21 and sets forth as follows.

23. At all times material, Jane Doe was employed by Defendant as a seaman within the definition of the Jones Act to serve as a member of the crew of the M/V Celebrity Reflection which was in navigable waters in November 2014.

24. Defendant owed Jane Doe the duty to provide a safe place to work such that Jane Doe could perform the job obligations in a reasonably safe manner and live aboard the vessel free from sexual violence and/or sexual harassment. The Defendant breached the following duty with respect to Jane Doe by doing and/or failing to do one or more of the following:

   a. Failed to provide a reasonably safe place for Jane Doe to work aboard the subject cruise ship.

   b. Knowingly allowing the Assistant Chief Security Officer to maintain alcohol in his private cabin, to serve alcohol to female crew members who are under his domain.

   c. Failed to enforce Celebrity's own rules and regulations regarding alcohol, intoxication, sexual assault, sexual harassment by allowing the perpetrator of the sexual assault to be the individual in charge of implementing said regulations.

   d. Negligently hiring, selecting and retaining the Assistant Chief Security Officer when the Defendant knew of prior allegations and in particular, in a prior sexual assault by the Assistant Chief Security Officer on a male dancer.

   e. Covering up the acts and/or incidences of the Assistant Chief Security Officer by allowing the Assistant Chief Security Officer unfettered access to security tapes, security documents and the cruise ship following the subject assault so that the Assistant Chief Security Officer could cover up his crime, intimidate witnesses and destroy evidence.

25. As a direct and proximate result of the Defendant's breach of the foregoing legal duties and negligence, Jane Doe suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions and medical expenses. These losses and injuries are either permanent or continuing and Jane Doe will suffer these losses and injuries in the future.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

## COUNT II - UNSEAWORTHINESS

26. Jane Doe readopts and re-alleges paragraphs 1-21 and sets forth as follows.

27. At all times material hereto Defendant owned, operated, maintained and/or controlled the Celebrity Reflection and employed and controlled the crew and implemented work practices aboard the cruise ships.

28. At all times material Defendant owed Jane Doe the non-delegable duty to provide Jane Doe with a seaworthy vessel upon which to work and live free from sexual battery and/or sexual harassment.

29. Defendant breached the following duty by failing to provide Jane Doe with a seaworthy vessel on which to work. Defendant's vessel was unseaworthy due to:

   a. The inadequate crew which was deficient in number, training and particularly the security personnel.

      b.      The unsafe practices of allowing senior officers such as the Assistant Security Officer to maintain alcohol in their cabin, to freely serve alcohol to crew members and, in particular, female crew members.

      c.      The unsafe practice of allowing and knowingly allowing male crew members such as the Assistant Chief Officer to use their position of authority to control, manipulate and otherwise entice female crew members to their cabins where they are plied with alcohol and then sexually assaulted.

30.      As a direct and proximate result of the Defendant's breach of the foregoing legal duty and unseaworthiness of the subject vessel, Jane Doe suffered bodily injury, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of the ability to earn money, aggravation of previously existing conditions and medical expenses. These losses and injuries are either permanent or continuing and Jane Doe will continue to suffer these losses and injuries in the future.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

## COUNT III – FAILURE TO PROVIDE PROMP, ADEQUATE AND COMPLETE MEDICAL TREATMENT

31.      Jane Doe readopts and re-alleges paragraphs 1-21 and sets forth as follows.

32.      At all times material hereto and under the mandate of the Jones Act, 46 U.S.C. 688 *et seq.*, Defendant had an affirmative and legal duty to provide to its crew members,

including Jane Doe, prompt and adequate medical care and treatment for any and all injuries sustained while in the service of the vessel.

33.  Jane Doe sustained serious injuries/illness while in the service of the Celebrity Reflection.

34.  At all times material, Defendant failed to provide prompt, adequate and complete medical care and treatment for Jane Doe's serious injury/illness in the following respects by:

    a.  Failing to properly and adequately diagnose Jane Doe's medical condition.

    b.  Failing to properly and adequately treat Jane Doe's injuries.

    c.  Failing to prescribe appropriate medication and therapy.

    d.  Failing to arrange for proper and adequate medical care and treatment and thereby delegating this duty to Jane Doe.  When Jane Doe selected her physicians to treat her, the Defendant then refused to pay the usual and customary charges and instead paid Jane Doe's physicians' fees that do not represent usual and customary charges for the community.

    e.  Failing to pay for the Plaintiff's Chiropractic bills and psychologist bills and jeopardizing the Plaintiff's medical care and treatment.

35.  As a direct and proximate result of Defendant's failure to provide Jane Doe with prompt, adequate and complete medical care, Jane Doe sustained additional injuries, prolonged and/or delayed recovery, suffered additional pain and suffering, mental anguish, depression, disability, lost wages and loss of wage earning capacity.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs,

interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

## COUNT IV – SPOLIATION OF EVIDENCE

36. Jane Doe readopts and re-alleges paragraphs 1-21 and sets forth as follows.

37. The Defendant's Assistant Chief Security Officer sexually assaulted and battered Jane Doe during a cruise on the M/V Celebrity Reflection.

38. The Defendant had a duty to preserve evidence including Jane Doe's blood, urine and DNA, medical records, laboratory test results, CCTV tapes, door activity, telephone records, belongings of crew members at the scene of the crime, statements, photographs and other forensic evidence.

39. The Defendant allowed its Assistant Chief Security Officer full, free and unfettered access to this sensitive information and documents at which time the Assistant Chief Security Officer altered, destroyed and/or otherwise impaired the documents needed by Jane Doe to prove her case against the Defendant.

40. The Defendant negligently and/or intentionally and/or maliciously caused and/or permitted the relevant evidence to be lost, altered, damaged or destroyed.

41. The Defendant's failure to preserve the evidence has significantly impaired Jane Doe's ability to provide potential causes of action against third parties, including the crew member who intoxicated her, drugged and raped her, and has interfered with the efforts of law enforcement authorities including the FBI, United States Department of Justice, to fully investigate this matter.

42. As a direct and proximate result of the Defendant's breach of the foregoing legal duty to preserve evidence, Jane Doe incurred damages, including the inability to prove a civil

case of personal injury and/or criminal case of sexual assault and battery against the third-party or parties responsible for the crime.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

### COUNT V – STRICT LIABILITY AGAINST DEFENDANT, CELEBRITY CRUISES, INC. FOR THE INTENTIONAL ACTS OF ASSISTANT CHIEF SECURITY OFFICER

43. Jane Doe readopts and re-alleges paragraphs 1-21 and sets forth as follows.

44. On or about the previously stated date, Celebrity Cruises, Inc. employed the Assistant Chief Security Officer as part of the shipboard security team which was responsible for providing lectures to crew about sexual harassment, was charged with enforcing the rules aboard the subject cruise ship including but not limited to, the use of alcohol, crew member intoxication, sexual harassment and sexual assault.

45. On or about the previously stated date, the Assistant Chief Security Officer sexually assaulted the Plaintiff, abusing the management title and position given to him by Celebrity Cruises, Inc.

46. By virtue of Celebrity Cruises, Inc.'s agency relationship with the Assistant Chief Security Officer, Celebrity Cruises, Inc. is strictly liable to the Plaintiff for the intentional tort of the Assistant Chief Security Officer as set forth herein.

47. As a direct and proximate result of the intentional acts of the Assistant Chief Security Officer, Plaintiff suffered mental pain and suffering, mental anguish, loss of enjoyment of life, impairment, inconvenience, depression, disability, lost wages and loss of wage earning capacity.

WHEREFORE, Jane Doe prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of the court, together with costs, interest, prejudgment interest and award any and all other relief this Court deems necessary and just.

DATED this 8th day of July, 2015.

>Respectfully submitted,
>
>*s/Jonathan B. Aronson*
>Jonathan B. Aronson, Esq.
>Florida Bar No. 434116
>ARONSON LAW FIRM
>5730 S.W. 74th Street
>Suite 800
>Miami, Florida  33143
>Telephone:  (305) 662-1233
>Facsimile:   (305) 662-1266
>Email:   jaronson@aronsonlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Jonathan B. Aronson*
Jonathan B. Aronson, Esq.
Florida Bar No. 434116
ARONSON LAW FIRM
5730 S.W. 74th Street
Suite 800
Miami, Florida  33143
Telephone:  (305) 662-1233
Facsimile:   (305) 662-1266
Email:   jaronson@aronsonlawfirm.com

## SERVICE LIST

| | |
|---|---|
| Leah Martinez, Esq. | Raul de la Heria, Esq. |
| Celebrity Cruises, Inc. | De la Heria & Associates |
| 1050 Caribbean Way | 2100 Coral Way |
| Miami, Florida  33132 | Suite 500 |
| Telephone: (305) 539-6910 | Miami, Florida  33145 |
| Facsimile:  (305) 539-6561 | Telephone:  (305) 858-2808 |
| E-Mail: leahmartinez@rccl.com | Facsimile:   (305) 858-5540 |
| | Email: raul@delaheria.com |