UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22294-WILLIAMS/SIMONTON

JANE DOE,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

## CELEBRITY CRUISES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, CELEBRITY CRUISES, INC. (hereinafter "Defendant"), hereby responds to Plaintiff's Amended Complaint as follows:

### FACTS COMMON TO ALL COUNTS

### INTRODUCTORY ALLEGATIONS

1. Defendant admits that this is a Maritime action, that the Plaintiff is a United States Citizen, and that the Plaintiff was a crew member onboard the Celebrity *Reflection* on or about November 4, 2014. Defendant denies the remainder of Paragraph 1.

2. Defendant admits that Jane Doe is a pseudonym. Defendant denies the remainder of Paragraph 2.

3. Denied.

4. Denied.

5. Defendant is without knowledge to admit or deny Paragraph 5.

6. Denied.

7. Denied.

8. Defendant denies that the Plaintiff was sexually assaulted, and further denies the remainder of Paragraph 8.

## THE PARTIES, PERSONAL JURISDICTION AND VENUE

9. Defendant admits that the Plaintiff is over 21 years of age and is a United States Citizen. Defendant is without knowledge to admit or deny the remainder.

10. Admitted.

11. Defendant admits, for purposes of this litigation only, that it is subject to the jurisdiction of this Court.

12. Defendant admits that Admiralty jurisdiction exists over this case. Defendant further admits that the Plaintiff has invoked the Court's supplemental jurisdiction under 46 U.S.C. 30104.

13. Denied.

## DEFENDANT'S LEGAL DUTIES OWED TO JANE DOE

14. Defendant admits that it operated cruise ships, including the Celebrity *Reflection*, and employed crew members to work on those ships. Denied as to the remainder.

15. Admitted.

16. Denied as an inaccurate and incomplete statement of law.

17. Denied as an inaccurate and incomplete statement of law.

18. Denied as an inaccurate and incomplete statement of law.

19. Denied as an inaccurate and incomplete statement of law.

20. Denied as an inaccurate and incomplete statement of law.

21. Defendant denies that the Plaintiff was sexually assaulted, and further denies the remainder of Paragraph 21.

## COUNT I – JONES ACT NEGLIGENCE

22. Defendant readopts and re-alleges and incorporates by reference its responses contained in Paragraphs 1-21.

23. Admitted.

24. Defendant denies, both specifically and generally, each and every allegation contained in Paragraph 24, including subparts (a) through (e).

25. Denied.

Defendant denies Plaintiff is entitled to the relief sought in the wherefore clause.

## COUNT II – UNSEAWORTHINESS

26. Defendant readopts and re-alleges and incorporates by reference its responses contained in Paragraphs 1-21.

27. Defendant admits that it operated the Celebrity *Reflection*, and employed crew members to work onboard. Denied as to the remainder.

28. Defendant admits that it provided a seaworthy vessel for the Plaintiff to work upon. Denied as to the remainder.

29. Defendant denies, both specifically and generally, each and every allegation contained in Paragraph 29, including subparts (a) through (c).

30. Denied.

Defendant denies Plaintiff is entitled to the relief sought in the wherefore clause.

## COUNT III – FAILURE TO PROVIDE PROMP [SIC], ADEQUATE AND COMPLETE MEDICAL TREATMENT

31. Defendant readopts and re-alleges and incorporates by reference its responses contained in Paragraphs 1-21.

32. Denied as an inaccurate and incomplete statement of law.

33. Denied.

34. Defendant denies, both specifically and generally, each and every allegation contained in Paragraph 34, including subparts (a) through (e).

35. Denied.

### COUNT IV – SPOLIATION OF EVIDENCE

36. Defendant readopts and re-alleges and incorporates by reference its responses contained in Paragraphs 1-21.

37. Denied.

38. Denied as phrased.

39. Denied.

40. Denied.

41. Defendant denies that it failed to preserve evidence or failed to cooperate with law enforcement, and further denies the remainder of Paragraph 41.

42. Denied.

Defendant denies Plaintiff is entitled to the relief sought in the wherefore clause.

### COUNT V – STRICT LIABILITY AGAINST DEFENDANT, CELEBRITY CRUISES, INC., FOR THE INTENTIONAL ACTS OF ASSISTANT CHIEF SECURITY OFFICER

43. Defendant readopts and re-alleges and incorporates by reference its responses contained in Paragraphs 1-21.

44. Defendant admits that it employed a crew member with a position title of Assistant Chief Security Officer as part of its shipboard security team. Denied as to the remainder.

45. Denied.

46. Defendant denies that the Plaintiff was sexually assaulted, and further denies the remainder of Paragraph 46.

47. Denied.

Defendant denies Plaintiff is entitled to the relief sought in the wherefore clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's own negligence contributed to the subject incident and her injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to follow the advice of her doctors and has failed to otherwise mitigate her damages; therefore, the Plaintiff's recovery, if any, must be reduced in accordance with the principles of contributory and/or comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries are limited to association of a pre-existing condition, if any, and are limited to the degree of aggravation of these injuries.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff may have unreasonably inflated the medical expenses borne by Defendant in this action and Plaintiff is indebted to Defendant for any such unreasonable inflation of costs. Defendant further demands judgment in such amount.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent applicable, any award of damages to the Plaintiff must be reduced for any collateral source payments.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that any negligence alleged on behalf of Defendant, the existence of which Defendant expressly denies, was not the proximate cause of Plaintiff's injuries, if any, and as such, no liability exists.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges it had no prior notice of a dangerous condition and such alleged condition did not exist for a sufficient length of time so that Defendant could have learned of the alleged dangerous condition, and as such, no liability exists.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Defendant had no duty to protect Plaintiff from.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages, therefore Plaintiff may not recover for the losses, if any, which could have

been prevented. Therefore, Plaintiff's recovery, if any, should be reduced by her failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

Celebrity alleges that the damages allegedly suffered by Plaintiff were not caused by any act or omission to act on the part of this answering Defendant and were caused by other trauma suffered by Plaintiff in her lifetime wholly unrelated to Celebrity.

### ELEVENTH AFFIRMATIVE DEFENSE

Celebrity is informed and believes and thereon alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by the Plaintiff in the Complaint; however, if this answering Defendant is subject to any liability, it will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by Plaintiff against this answering Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative liability; the liability of this answering Defendant, if any, is limited to direct proportion to the percentage of fault actually attributed to this answering Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Celebrity alleges that its actions with respect to Plaintiff were at all times reasonable and made in good faith.

CASE NO. 15-CV-22294-WILLIAMS/SIMONTON

WHEREFORE, the Defendant having answered the Complaint and asserted affirmative defenses demands judgment in its favor and against the Plaintiffs along with all costs and attorney's fees available pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

CELEBRITY CRUISES, INC.
1050 Caribbean Way
Miami, Florida 33132
(305) 539-6000 Tel.
(305) 539-8101 Fax

By: __/s/ Leah H. Martinez____
    Leah H. Martinez
    LeahMartinez@rccl.com
    Florida Bar No.: 17383

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ Leah H. Martinez_____
    Leah H. Martinez

CASE NO. 15-CV-22294-WILLIAMS/SIMONTON

## SERVICE LIST

**Jane Doe v. Celebrity Cruises, Inc.**
**United States District Court, Southern District of Florida**
**CASE NO. 15-CV-22294-WILLIAMS/SIMONTON**

| | |
|---|---|
| Jonathan B. Aronson, Esq.<br>jaronson@aronsonlawfirm.com<br>Aronson Law Firm<br>5730 SW 74th Street, Suite 800<br>Miami, Florida 33143<br>*Attorneys for Plaintiff*<br><br>Raul de la Heria, Esq.<br>raul@delaheria.com<br>De la Heria & Associates<br>2100 Coral Way, Suite 500<br>Miami, Florida 33145.<br>*Attorneys for Plaintiff* | Leah H. Martinez, Esq.<br>leahmartinez@rccl.com<br>CELEBRITY CRUISES, INC.<br>1050 Caribbean Way<br>Miami, Florida   33132<br>Tel. (305) 539-6910<br>Fax (305) 539- 6561<br>*Attorneys for Defendant*<br><br>Paul J. Hehir, Esq.<br>phehir@rccl.com<br>CELEBRITY CRUISES, INC.<br>1050 Caribbean Way<br>Miami, Florida   33132<br>Tel. (305) 539-6000<br>Fax (305) 539- 6561<br>*Attorneys for Defendant* |